UNITED STATES OF AMERICA

IN THE WESTERN DISTRICT OF MICHIGAN

Anthony Williams and                                File No.1:18-cv-901
Iesha Williams,
     Plaintiffs,                                Hon.
                                                    District Court Judge

     v.

James Moots, Brett Black,
Daryl Myers, Nicholas Darlington,
John Looney, Eric Seida,
Leslie Rochefort,
     Defendant.
_____/
J. Nicholas Bostic P40653
Attorney for Plaintiffs
909 N. Washington Ave.
Lansing, MI 48906
(517) 706-0132
_____/

**COMPLAINT AND JURY DEMAND**

     Plaintiffs, for their complaint, state:

    1. This is a civil action seeking money damages and equitable relief for violations of the

United States Constitution and federal statutes under 42 U.S.C. §1983.

    2. Plaintiff Anthony Williams is, and at all relevant times was, a competent adult and a

resident of Kalamazoo County in the State of Michigan.

    3. Plaintiff Iesha Williams is, and at all relevant times was, a competent adult and a resident

of Kalamazoo County in the State of Michigan.

    4. Defendant James Moots is a state trooper with the Michigan State Police, his county of

residence is unknown, and his place of conducting business is Ingham County in the State of

Michigan.

1

5. Defendant Brett Black is a sergeant with the Michigan State Police, his county of residence is unknown, and his place of conducting business is Ingham County in the State of Michigan.

6. Defendant Daryl Myers is a motor carrier officer for the Michigan State Police, his county of residence is unknown, and his place of conducting business is Ingham County in the State of Michigan.

7. Defendant Nicholas Darlington is a trooper with the Michigan State Police, his county of residence is unknown, and his place of conducting business is Ingham County in the State of Michigan.

8. Defendant John Looney is a trooper with the Michigan State Police, his county of residence is unknown, and his place of conducting business is Ingham County in the State of Michigan.

9. Defendant Eric Seida is a sergeant with the Michigan State Police, his county of residence is unknown, and his place of conducting business is Ingham County in the State of Michigan.

10. Defendant Leslie Rochefort is a trooper with the Michigan State Police, his county of residence is unknown, and his place of conducting business is Ingham County in the State of Michigan.

11. This cause of action arose in Eaton County and Ingham County, in the State of Michigan and in the Western District of Michigan.

12. At all times relevant to this matter, Defendants were acting under color of law.

13. This Court has jurisdiction pursuant to 28 USC §§1331 and 1343(a)(4) for the federal

2

claims.

## GENERAL ALLEGATIONS

14. Paragraphs 1-13 are incorporated herein by reference.

15. On November 30, 2016, at approximately 9:30 a.m., Defendant Moots used his official state police vehicle to perform a traffic stop on a Tahoe being driven by Claimant Iesha Williams northbound on Interstate 69 at Kalamo Highway.

16. The stop was purportedly for a civil infraction, to wit: air fresheners and necklaces hanging from the rearview mirror.

17. Defendant Moots claimed that he smelled the odor of marihuana.

18. Claimants immediately told Defendant Moots that they had medical marihuana cards issued by the State of Michigan.

19. Defendant Moots ordered Iesha Williams to leave the vehicle and speak with him.

20. Plaintiff Iesha Williams complied with his command.

21. Plaintiff Iesha Williams attempted to record the interaction but was told by a defendant that she could not record.

22. The same defendant told Plaintiff Iesha Williams that the defendants had two audio/video recording systems activated.

23. Defendants have destroyed the audio/video recordings they made.

24. Plaintiff Iesha Williams placed her phone on the bumper of the vehicle leaving it on record mode but the quality of the recording is minimal.

25. Defendant Moots then began questioning Plaintiff Iesha Williams and she denied that she had anything illegal on her person.

3

26. Plaintiff Iesha Williams asked Defendant Moots if she was under arrest

27. Plaintiff Iesha Williams informed Defendant Moots that she had smoked marihuana earlier in the morning and that was why her clothing had an odor.

28. Defendant Moots continued to detain Plaintiff Iesha Williams and ask her questions unrelated to the reason for the stop.

29. Defendant Moots then ordered Plaintiff Anthony Williams to exit the Tahoe.

30. Plaintiff Anthony Williams complied with this command.

31. Defendant Moots then began to pat-down Anthony at which time he felt several bulges in his coat pockets which were identified as currency.

32. Defendant Moots was questioning Anthony during this seizure.

33. Defendant Moots did not have consent or probable cause to believe that Anthony Williams was armed.

34. Plaintiff Anthony Williams had made no threats and had been cooperative.

35. Defendant Moots then arrested Anthony Williams by handcuffing him and placing him in the patrol car.

36. Defendant Moots had the third occupant, Del Morgan, leave the vehicle.

37. Defendant Moots then searched the vehicle and found no contraband.

38. Defendant Moots then seized the cash from Plaintiff Anthony Williams.

39. Defendants Black and Myers also seized the money and counted it arriving at a figure of $35,260.00.

40. Defendants returned the cash to Plaintiff Anthony Williams.

41. Defendants did not write any citations for the purported vision obstruction.

4

42. Defendants Moots, Myers, and Black then detained Plaintiffs Anthony and Iesha Williams on the side of the road for approximately 25 additional minutes for no reason related to the traffic stop.

43. Defendants Moots, Black and Myers held Plaintiffs Anthony and Iesha Williams at roadside for the approximate 25 minutes until undercover surveillance officers from Lansing could arrive and follow Plaintiffs.

44. Undercover officers conducted surveillance of Plaintiffs for three hours as Plaintiffs shopped at four medical marihuana dispensaries, an auto part stores, and Big Lots.

45. At 1:30 p.m., all Defendants participated in another traffic stop of Plaintiffs while Anthony was the driver and again purportedly for civil infraction violations.

46. Defendant Darlington recorded the initiation of the stop on his in-car recording system but the audio stops three minutes, nine seconds into the recording and just a few seconds after he begins conversing with Anthony at the driver's door.

47. Within another two minutes, Defendant Darlington removes Anthony and places him under arrest.

48. Within another few minutes, Defendant Darlington or other Defendants removed Iesha Williams from the passenger seat and arrest her.

49. Both Plaintiffs were then transported to the Lansing Post of the Michigan State Police where they were held for several hours and Iesha Williams agreed to speak with them.

50. Defendant Moots again removed the cash from Plaintiff Anthony Williams' person at the MSP Lansing Post.

51. Defendant Seida removed cash from Plaintiff Anthony Williams' wallet.

5

52. Defendant Rochefort then took possession of the seized cash.

53. Defendants had Plaintiff's vehicle impounded and it remains impounded.

54. Defendant Seida remains in possession of Plaintiffs' cash.

55. Plaintiff Anthony Williams was in possession of one medical marihuana patient card for himself and one caregiver card with him as the caregiver.

56. Plaintiff Iesha Williams was in possession of one medical marihuana patient card for herself.

57. Occupant Del Morgan was in possession of one medical marihuana patient card for himself.

58. All Defendants were at all times aware of the existence of the medical marihuana cards.

59. Defendants searched the Tahoe at the scene of the second stop and seized marihuana attributable to Anthony and Iesha Williams in an amount less than the amount allowed by the Michigan Medical Marihuana Act.

## <u>COUNT I – UNLAWFUL SEARCH</u>
(42 U.S.C. § 1983 - Fourth Amendment; I-69 at 9:30 a.m.)

60.  Paragraphs 1-59 are incorporated herein by reference.

61.  On November 30, 2016, Defendant Moots conducted a frisk of Plaintiff Anthony Williams by touching his person on his outer clothing, squeezing his pockets, and placing his hands on his waist, crotch, legs, arms, and shoulders.

62. Defendant Moots did not have a warrant or probable cause and a recognized exception to the warrant requirement.

63. Defendant Moots did not have a reasonable, articulable suspicion that Plaintiff Anthony Williams was armed.

64. Plaintiff Anthony Williams had made no threats to Defendant Moots.

65. Plaintiff Anthony Williams was cooperative.

66. Plaintiff Anthony Williams was not armed.

67. Plaintiff Anthony Williams did not give consent for Defendant Moots to conduct a pat-down search.

68. The pat-down search of Anthony Williams by Defendant Moots on November 30, 2016 at approximately 9:30 a.m. was unreasonable.

69. The pat-down search of Anthony Williams by Defendant Moots on November 30, 2016 at approximately 9:30 a.m. violated Plaintiff Anthony Williams' rights to privacy guaranteed by the Fourth Amendment to the United States Constitution.

70. On November 30, 2016, it was clearly established that a search had to be based on a valid and judicially issued warrant or supported by probable cause and a valid, recognized exception to the warrant requirement.

71. No reasonably trained and experienced police officer would have believed that the pat-down search of Plaintiff Anthony Williams on November 30, 2016 was lawful.

72. Plaintiff Anthony Williams was damaged as a result of the unlawful pat-down search of his person in that he suffered the loss of the protection of the Fourth Amendment to the United States Constitution, emotional distress, embarrassment, humiliation, anxiety, and mental anguish.

WHEREFORE, Plaintiff Anthony Williams requests that this Court enter judgment in favor of Plaintiff Anthony Williams and against Defendant Moots in an amount not less than $25,000.00.

### COUNT II – FALSE ARREST
(42 U.S.C. § 1983 - Fourth Amendment; November 30, 2016 at 9:30 a.m.)

73. Paragraphs 1 through 72 above are incorporated herein by reference.

74. Defendant Moots has received and completed training to be a certified police officer in the state of Michigan.

75. The Fourth Amendment of the U.S. Constitution protects against unreasonable seizures of persons or property.

76. Defendant Moots may only arrest or cause the arrest of someone with a warrant or probable cause.

77.  Defendant Moots did not have probable cause to arrest Plaintiff Anthony Williams on November 30, 2016 at approximately 9:30 a.m.

78.  On November 30, 2016 at approximately 9:30 a.m., Defendant Moots caused the arrest of Plaintiff Anthony Williams by handcuffing him and placing him in the back of a police vehicle from which he could not voluntarily exit.

79.  As of November 30, 2016, it was clearly established law that law enforcement officers who arrest or cause arrests without probable cause are violating the Fourth Amendment of the United States Constitution.

80.  On November 30, 2016, no reasonably trained law enforcement officer would have believed that probable cause for an arrest warrant existed under the circumstances in this case.

81.  The conduct of the Defendant Moots caused Plaintiff Anthony Williams to be deprived of his liberty.

82. Plaintiff Anthony Williams was damaged by the conduct of Defendant Moots in that Plaintiff suffered a loss of liberty, stress, anxiety, embarrassment, and humiliation.

WHEREFORE, Plaintiff Anthony Williams requests that this Court enter judgment in his favor and against Defendant Moots in an amount not less than $25,000.00.

## COUNT III – UNREASONABLE SEIZURE OF CASH
(42 U.S.C. § 1983 - Fourth Amendment; November 30, 2018 at 9:30 a.m.)

83.   Paragraphs 1 through 82 above are incorporated herein by reference.

84.   In the course of the unlawful detention and unlawful pat down on November 30, 2016 at 9:30 a.m., Defendant Moots reached into Plaintiff Anthony Williams' pockets and removed approximately $35,000.00 in United States Currency.

85.   Defendant Moots did not have probable cause or a reasonable, articulable suspicion to believe that the currency was contraband or a weapon.

86.   Plaintiff Anthony Williams did not give consent for Defendant Moots to seize the currency.

87.   Defendant Moots did not have a warrant to seize the currency.

88.   Defendant Moots compounded his seizure by turning the currency over to Defendants Black and Myers who took possession of the money to count it.

89.   The seized cash was the lawful property of Plaintiffs Anthony and Iesha Williams.

90.   Defendants continue to possess Plaintiffs' money.

91.   Defendant Moots' conduct in reaching into Plaintiff Anthony Williams' pockets and seizing the currency was unreasonable pursuant to the Fourth Amendment to the United States Constitution and a violation of Plaintiffs' rights.

92.   The conduct of Defendants Moots, Black, and Myers was a direct and approximate cause of damage to Plaintiffs as described herein.

93.   The conduct of Defendants Moots, Black, and Myers was a direct and approximate cause

9

of the violations of the Plaintiff's Fourth Amendment rights to be free from unreasonable seizures.

94.   The seizure of Plaintiffs' currency by Defendants Moots, Black, and Myers was unreasonable under the circumstances and a violation of Plaintiffs' constitutional rights under the Fourth Amendment.

95.   As of November 30, 2016, it was clearly established that the Fourth Amendment to the United States Constitution allows a seizure only upon probable cause that the item is contraband or a weapon during a pat down or upon possession of a warrant or in a limited circumstance where a warrant is not required.

96.   At the time of this seizure, Defendants Moots, Black, and Myers had not yet discovered any contraband in Plaintiffs' possession or under their control and no exception to the warrant requirement existed.

97.   No reasonably trained or experienced police officer would have believed it lawful to seize the currency under the circumstances presented.

98.    The actions of Defendants Moots, Black, and Myers were intentionally designed to inflict humiliation, embarrassment, and mental anxiety to Plaintiffs.

99.   The actions of Defendants Moots, Black, and Myers caused excessive anxiety, stress, inconvenience, and emotional distress to Plaintiffs.

100.  Defendants Moots, Black, and Myers engaged in deliberate conduct in violation of clearly established constitutional requirements.

101.  The conduct of Defendants Moots, Black, and Myers entitles Plaintiffs to exemplary damages.

Wherefore Plaintiffs request that this honorable court enter judgment in favor of Plaintiffs and against Defendants Moots, Black, and Myers in an amount of not less than $25,000.00 each.

**COUNT IV – FALSE ARREST**
(42 U.S.C. §1983 - Fourth Amendment; November 30, 2013 at 9:30 a.m.)

102.   Paragraphs 1 through 101 above are incorporated herein by reference.

103.   Defendants Moots, Black, and Myers have received and completed training to be certified police officers in the state of Michigan.

104.   The Fourth Amendment of the U.S. Constitution protects against unreasonable seizures of persons or property.

105.   Defendants Moots, Black, and Myers may only arrest or cause the arrest of someone with a warrant or probable cause.

106.   On November 30, 2016, Defendants Moots, Black, and Myers ordered Plaintiffs to remain in their vehicle at the side of the freeway without probable cause to continue the detention.

107.   The continued detention was for the sole purpose of giving time for the surveillance/drug team to arrive at the location of the stop and begin their surveillance.

108.   This detention continued for at least 22 minutes without any lawful justification.

109.   Such unlawful detention is an arrest.

110.   On November 30, 2016, Defendants Moots, Black, and Myers caused the arrest of Plaintiffs.

111.   As of November 30, 2016, it was clearly established law that law enforcement officers who arrest or cause arrests without probable cause are violating the Fourth Amendment of the United States Constitution.

11

112.  As of November 30, 2016, no reasonably trained law enforcement officer would have believed that the continued detention of Plaintiffs without probable cause would not violate the constitution.

113.  The conduct of the Defendants Moots, Black, and Myers caused Plaintiffs to be deprived of their liberty.

114. Plaintiffs were damaged by the conduct of Defendants Moots, Black, and Myers in that Plaintiffs suffered stress, anxiety, embarrassment, and humiliation.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Defendants Moots, Black, and Myers in an amount not less than $25,000.00 each.

**COUNT V – FALSE ARREST**
((42 U.S.C. §1983 - Fourth Amendment; November 30, 2013 at 1:30 p.m.)

115.  Paragraphs 1 through 114 above are incorporated herein by reference.

116.  Defendants have received and completed training to be certified police officers in the state of Michigan.

117. The Fourth Amendment of the U.S. Constitution protects against unreasonable seizures of persons or property.

118.  Defendants may only arrest or cause the arrest of someone with a warrant or probable cause.

119.  Defendants Darlington, Rochefort, and Seida did not have probable cause to arrest Plaintiffs on November 30, 2016 at approximately 1:30 p.m.

120.  On November 30, 2016 at approximately 1:30 p.m., Defendants Darlington, Rochefort, and Seida caused the arrest of Plaintiffs by handcuffing them, placing them in police cars,

transporting them to the police post, and holding them in interview rooms from which they could not voluntarily exit.

121.   As of November 30, 2016, it was clearly established law that law enforcement officers who arrest or cause arrests without probable cause are violating the Fourth Amendment of the United States Constitution.

122.   On November 30, 2016, no reasonably trained law enforcement officer would have believed that probable cause for an arrest warrant existed under the circumstances in this case.

123.   The conduct of the Defendants Darlington, Rochefort, and Seida caused Plaintiffs to be deprived of their liberty.

124. Defendants Moots, Black, and Looney were all present and all had knowledge that Plaintiffs possession of the medical marihuana was lawful under state law.

125. Under the circumstances here, no Defendant was authorized to enforce federal law.

126. Defendants Moots, Black, and Looney all had an awareness that Defendants Darlington, Rochefort, and Seida were violating the United States Constitution and had the opportunity and means to prevent the violation.

127. Defendants Moots, Black, and Looney failed to take steps to prevent the constitutional violations.

128. Plaintiffs were damaged by the conduct of all Defendants in that Plaintiffs suffered a loss of liberty, stress, anxiety, embarrassment, and humiliation.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against all Defendants in an amount not less than $25,000.00 each.

**COUNT VI – UNREASONABLE SEIZURE OF CASH and VEHICLE**
(42 U.S.C. § 1983 - Fourth Amendment; November 30, 2018 at 1:30 p.m.)

13

129. Paragraphs 1 through 128 above are incorporated herein by reference.

130. In the course of the unlawful detention and unlawful arrests on November 30, 2016 at 1:30 p.m., Defendant Moots reached into Plaintiff Anthony Williams' pockets and removed approximately $35,000.00 in United States Currency.

131. In the course of the unlawful detention and unlawful arrests on November 30, 2016 at 1:30 p.m., Defendant Seida removed cash from Plaintiff Anthony Willilams' wallet.

132. Defendants Moots and Seida did not have probable cause or a reasonable, articulable suspicion to believe that the currency was contraband or a weapon.

133. Plaintiff Anthony Williams did not give consent for Defendants Moots or Seida to seize the currency.

134. Defendants Moots and Seida did not have a warrant to seize the currency.

135. Defendants Moots and Sedia compounded this seizure by turning the currency over to Defendant Rochefort who continues to retain possession of the money.

136. The seized cash was the lawful property of Plaintiffs Anthony and Iesha Williams.

137. Defendants continue to possess Plaintiffs' money.

138. Defendants Moots' and Seida's conduct in reaching into Plaintiff Anthony Williams' pockets and removing the cash from his wallet was unreasonable pursuant to the Fourth Amendment to the United States Constitution and a violation of Plaintiffs' rights.

139. The conduct of Defendants Moots, Seida, and Rochefort was a direct and approximate cause of damage to Plaintiffs as described herein.

140. The conduct of Defendants Moots, Seida, and Rochefort was a direct and approximate cause of the violations of the Plaintiffs' Fourth Amendment rights to be free from unreasonable

14

seizures.

141.  The seizure of Plaintiffs' currency by Defendants Moots, Seida and Rochefort was unreasonable under the circumstances and a violation of Plaintiffs' constitutional rights under the Fourth Amendment.

142.  As of November 30, 2016, it was clearly established that the Fourth Amendment to the United States Constitution allows a seizure only upon probable cause that the item is contraband or upon possession of a warrant or in a limited circumstance where a warrant is not required.

143.  At the time of this seizure, Defendants Moots, Seida and Rochefort were aware that Plaintiffs had possessed only a lawful amount of medical marihuana under state law.

144.  No reasonably trained or experienced police officer would have believed it lawful to seize the currency under the circumstances presented.

145.   The actions of Defendants Moots, Seida and Rochefort were intentionally designed to inflict humiliation, embarrassment, and mental anxiety to Plaintiffs.

146.  The actions of Defendants Moots, Sedia, and Rochefort caused excessive anxiety, stress, inconvenience, and emotional distress to Plaintiffs.

147.  Defendants Moots, Seida, and Rochefort engaged in deliberate conduct in violation of clearly established constitutional requirements.

148.  The conduct of Defendants Moots, Seida, and Rochefort entitles Plaintiffs to exemplary damages.

Wherefore Plaintiffs request that this honorable court enter judgment in favor of Plaintiffs and against Defendants Moots, Seida, and Rochefort in an amount of not less than $25,000.00 each.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that judgment enter for Plaintiffs and

1. against all Defendants as specified in the individual counts as asserted above;

2. against all individual Defendants for exemplary damages in an amount not less than

$25,000.00 each;

3. against all Defendants for attorney fees as allowed by 42 USC §1988;

4. against all Defendants for interest on the award to the date of filing of this complaint;

5. granting such other relief as allowed by law.

SIGNATURES BY PLAINTIFFS:

7·23·2018
Date

Anthony Williams
Anthony Williams

7·23·2018
Date

Iesha Williams
Iesha Williams

Signature by Attorney:

07/23/2018
Date

/s/ J. Nicholas Bostic
J. Nicholas Bostic  P40653
Attorney for Plaintiffs

## JURY DEMAND

Plaintiff hereby demands trial by jury on all counts.

07/23/2018
Date

/s/ J. Nicholas Bostic
J. Nicholas Bostic  P40653
Attorney for Plaintiffs
909 N. Washington Ave.
Lansing, MI 48906
(517) 706-0132
Fax:  517-484-2330
barristerbostic@att.net

16